IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| WALKER COUNTY HOSPITAL CORPORATION d/b/a HUNTSVILLE MEMORIAL HOSPITAL | Case No. 19-36300 |
| | Re: Docket No. 106 |
| Debtor and Debtor in Possession.[1] | |

**OBJECTION TO NOTICE OF (I) CURE AMOUNTS WITH RESPECT TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES TO POTENTIALLY BE ASSUMED AND ASSIGNED AND (II) POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

HSS Systems, LLC ("HSS"), by and through the undersigned counsel hereby submits this objection to that certain *Notice of (I) Cure Amounts with Respect to Executory Contracts and Unexpired Leases to Potentially Be Assumed and Assigned and (II) Potential Assumption and Assignment of Executory Contract and Unexpired Leases* [Dkt. #106] (the "Cure Notice"), filed by the above-captioned debtor and debtor-in-possession (the "Debtor") and in support thereof states as follows:

**BACKGROUND**

1. HSS and the Debtor are parties to a Revenue Services Agreement dated January 7, 2013 ("the Agreement").[2] The Agreement was amended on September 5, 2014 (the "First Amendment"), September 8, 2014 (the "Second Amendment"), and September 1, 2015 (the "Third Amendment," together with the First Amendment and the Second Amendment, the

---

[1] The last four digits of the Debtor's federal tax identification number are: 0960. The location of the Debtor's service address is P.O. Box 4001, Huntsville, Texas 77342-4001, Attn: Steven Smith.

[2] The Agreement and the Amendments contain confidential information, and the information contained therein may not be disclosed except as specifically set forth in the Agreement. To protect the confidentiality of the Agreement, the Amendments, and the information contained therein, neither the Agreement nor its amendments are attached to this Objection but will be made available to the Court, the Debtor, and/or the proposed purchaser upon request.

146503692.5

"Amendments"). "Agreement" refers to the Agreement as amended by all amendments thereto unless specifically stated otherwise.[3]

2. Pursuant to the Agreement, the Debtor retained HSS to provide it with various services for facilities, including but not limited to patient access, billing, collection and cash posting, and support services.

3. The Agreement further provides that neither HSS nor the Debtor may assign the Agreement or any of its respective rights or obligations under the Agreement to any third party without the other's prior written consent written consent. *See* Agreement, §14.4.

4. On November 11, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. On the Petition Date, the Debtor filed the Debtor's *Emergency Motion for Orders: (I)(A) Approving Bidding Procedures and Bid Protections, (B) Permitting Debtor to Designate Stalking Horse Purchaser(S) And Grant Bid Protections, (C) Scheduling a Hearing to Consider Approval of the Sale of Assets, (D) Approving Form and Manner of Notice of Sale, and (E) Granting Related Relief; and (II)(A) Authorizing and Approving Sale of Substantially all Assets of Walker County Hospital Corporation Free and Clear of Liens, Claims, Interests, and Encumbrances, (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* [Dkt. #12] (the Sale Motion"), pursuant to which the Debtor seeks authorization to enter into and perform under its proposed stalking horse purchase agreement, approval of its proposed bidding procedures for auction and sale of substantially all of its assets, approval of its assumption and assignment procedures, approval of

---

[3] The Agreement also includes the January 8, 2019 Notice of Dispute / Demand for Payment and Updated Terms.

its proposed deadlines, and related relief. On November 14, 2019, the Court entered an order granting the Sale Motion [Dkt. #67].

6. On November 22, 2019, the Debtor filed a Notice of Designation of Stalking Horse Bidder, in which it designated Walker County Hospital District and Huntsville Community Hospital, Inc. (the "Stalking Horse") as the stalking horse bidder [Dkt. #108].

7. On November 22, 2019, the Debtor filed the Cure Notice. The Cure Notice identifies the Agreement and each of the Amendments as separate executory contracts that the Debtor may assume and assign. The various documents are identified in the Cure Notice as contract numbers 218, 219, 220 and 221. In the Cure Notice, the cure amount listed for the Third Amendment is $182,589.83 (the "Proposed Cure Amount"). The proposed cure amounts listed for the Agreement, the First Amendment, and the Second Amendment are all $0.00.

## OBJECTION AND RESERVATION OF RIGHTS

8. HSS hereby objects to each of the Proposed Cure Amounts for contract numbers 218, 219, 220 and 221. The Debtor defaulted under the Agreement by failing to perform several of its material obligations under the Agreement. As a result of the Debtor's default, HSS has been damaged in an amount exceeding the Proposed Cure Amount (the correct amount being referred to as the "Corrected Cure Amount"). HSS is in the process of calculating the Corrected Cure Amount and will provide the Debtor with the Corrected Cure Amount after that calculation has been completed. The Debtor must cure its default and pay the Corrected Cure Amount (plus attorneys' fees) to HSS before the Debtor, the Stalking Horse, or any other party may assume the Agreement or before the Agreement may be assigned. *See* 11 U.S.C. § 365(b).

9. In that regard, HSS notes that its preliminary calculations indicate that,

146503692.5

(a) the sum of $178,107.07 has accrued and is owed and unpaid for goods and services provided through October 31, 2019;

(b) the sum of $ 49,395.81 has accrued and is owed and unpaid for goods and services provided from November 1 through November 10, 2019 (the sum of the two preceding amounts being pre-petition obligations);[4] and,

(c) the sum of $118,858.31 has accrued and is owed and unpaid for goods and services provided from November 11 through November 30, 2019. Additional sums that have yet to be calculated are owed for the period following November 30, 2019 and, in addition to the amount noted in this subparagraph, reflect post-petition obligations of the Debtor.

As noted below, the amounts referenced in this paragraph do not include the attorneys' fees incurred in connection with the Debtor's defaults under the Agreement. HSS specifically reserves the right to amend and supplement the calculations referred to herein once all amounts are known and all appropriate charges are included.

10. HSS also expressly reserves all rights and defenses afforded to it under the Agreement and the Bankruptcy Code. HSS specifically reserves the right to exercise any and all rights and remedies under the Agreement following the Agreement's assumption and assignment, including its rights to termination and non-assignment under the Agreement. The parties' rights and obligations under the Agreement are personal and may not be assigned or delegated by either party under the Agreement. HSS must be provided with adequate assurance

---

[4] This amount includes the estimated charges for work performed from November 1 through November 10, plus charges for or related to "Legacy Cash Billing, Prior Month SLA and the Monthly Circuit Charge.)

- 4 -

146503692.5

- 5 -

within the meaning of 11 U.S. C. § 365(b) of the Stalking Horse's or any other purchaser's ability to perform under the Agreement.

11. HSS further reserves the right to object to assumption and assignment of the Agreement to the Stalking Horse or any other proposed purchaser on any grounds, including that the Debtor may not assume and assign the Agreement because of the termination and non-assignment provisions and the failure of the Debtor, the Stalking Horse, and/or the proposed purchaser to demonstrate adequate assurance of future performance of the Agreement.

12. The Agreement (including all of the Amendments thereto) must be assumed as one executory contract; they are improperly listed as separate contracts in the Cure Notice. The Debtor must assume and assign the entire Agreement, including the Amendments any and all other amendments, schedules, exhibits, and modifications thereto, as one contract. HSS objects to the Debtor's attempt to assume and assign anything less than the entire Agreement. *See*, *e.g.*, *In re Beare Co.*, 177 B.R. 879, 881 (Bankr. W.D. Tenn. 1994) ("When a contract is assumed in bankruptcy, it is accompanied by all of its provisions, and it cannot be assumed in part and rejected in part.").

Premises Considered, HSS prays that upon consideration of the Debtor's proposed cure amounts that the Court will reject the proposed amount for HSS and grant HSS such other and further relief to which it may show itself justly entitled.

| | |
|---|---|
| Dated: December 11, 2019 | Respectfully submitted, |
| | |
| | */s/ John D. Penn* |
| | John D. Penn, Esq. |
| | Texas Bar No. 15752300 |
| | S.D. Texas I.D. No. 10782 |
| | 500 N. Akard Street, Suite 3300 |
| | Dallas, Texas 75201-3347 |
| | Telephone: (214) 965-7734 |
| | Facsimile: (214) 965-7799 |
| | jpenn@perkinscoie.com |
| | |
| | Attorneys for HSS Systems, LLC |

**Certificate of Service**

      I certify that a true and correct copy of the foregoing was served on all parties eligible to receive service through the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas. In addition, a true and correct copy of the foregoing was served by electronic mail upon the below parties on December 11, 2019.

*Attorneys to the Debtor*
Waller Lansden et al
Evan Joseph Atkinson
evan.atkinson@wallerlaw.com
Tyler Nathaniel Layne
tyler.layne@wallerlaw.com
Blake Daniel Roth
blake.roth@wallerlaw.com
Thomas Cullen Wallace
cullen.wallace@morganlewis.com

*Attorneys for Walker County Hospital District*
Aaron Michael Kaufman
akaufman@dykema.com
Thomas Cullen Wallace
cullen.wallace@morganlewis.com

*Attorneys for MidCap*

Vedder Price P.C.
Michael M. Eidelman
meidelman@vedderprice.com
David L. Kane
dkane@vedderprice.com

Porter Higgins, LLP
John F. Higgins
jhiggins@porterhedges.com

*U.S. Trustee*
Hector Duran, Jr
Hector.Duran.Jr@usdoj.gov
Stephen Douglas Statham
stephen.statham@usdoj.gov

ustp.region07@usdoj.gov

*Attorney for the Official Committee of Unsecured Creditors*
Robert M Hirsh
robert.hirsh@arentfox.com

                                                */s/ John D. Penn*
                                                John D. Penn

## Certificate of Conference

On December 10, 2019, the undersigned counsel conferred with counsel for the Debtor regarding the substance of the issues raised in this Objection. Since the issues raised in the Objection require (a) the completion of invoicing for November 2019 that will not occur before the deadline to file the Objection and (b) the Debtor to review its records to confirm whether or not the parties have only one contract (with amendments rather than four separate contracts), the Objection is filed to preserve the legal and financial issues while the parties continue discussions in advance of the hearing currently scheduled for December 20, 2019. The parties will continue working to resolve or narrow the issues that are raised in the Objection.

*/s/ John D. Penn*
John D. Penn