IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| WALKER COUNTY HOSPITAL CORPORATION D/B/A HUNTSVILLE MEMORIAL HOSPITAL, | : : | Case No. 19-36300 (DRJ) |
| | : | Re: Dkt. Nos. 12, 67, 106, 131, |
| Debtor.[1] | : | 177, 195 |
| | : | |

**FIFTH SUPPLEMENTAL NOTICE OF (I) CURE AMOUNTS WITH RESPECT TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES TO POTENTIALLY BE ASSUMED AND ASSIGNED AND (II) POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

**PLEASE TAKE NOTICE** that, pursuant to the *Order: (I)(A) Approving Bidding Procedures and Bid Protection, (B) Permitting Debtor to Designate Stalking Horse Purchaser(s) and Grant Bid Protections, (C) Scheduling a Hearing to Consider Approval of the Sale of Assets, (D) Approving Assumption and Assignment Procedures, (E) Approving Form and Manner of Notice of Sale, and (F) Granting Related Relief; and (II)(A) Authorizing and Approving the Sale of Substantially All Assets of the Debtor Free and Clear of Liens, Claims, Interests, and Encumbrances, (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* (Dkt. No. 67) (the "***Bidding Procedures Order***")[2] entered by the United States Bankruptcy Court for the Southern District of Texas (the "***Bankruptcy Court***"), the above-captioned debtor and debtor in possession (the "***Debtor***") provides this notice that you and the Debtor are party to one or more of the various executory contracts and unexpired leases set forth on **Exhibit 1** to this notice (the "***Executory Contracts***" and "***Unexpired Leases***," as applicable), which Executory Contracts and Unexpired Leases may be assumed and assigned to the Successful Bidder in connection with the *Order: (I) Approving the Sale of Substantially All Assets of the Debtor Free and Clear of All Liens, Claims, Encumbrances, and Interests; (II) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* (Dkt. No. 229) entered by the Bankruptcy Court on December 30, 2019 (the "***Sale Order***").

**PLEASE TAKE FURTHER NOTICE** that set forth on **Exhibit 1** is the amount the Debtor's records reflect is owing to cure any and all defaults under each Executory Contract and

---

[1] The last four digits of the Debtor's federal tax identification number are: 0960. The location of the Debtor's service address is: P.O. Box 4001, Huntsville, TX 77342-4001, Attn: Steven Smith.

[2] Capitalized terms used in these Bidding Procedures but not otherwise defined shall have the meanings ascribed to them in the Bidding Procedures Order.

Unexpired Lease (each amount, a "***Cure Amount***") to permit the assumption and assignment of each Executory Contract and Unexpired Lease pursuant to section 365 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that the Debtor's books and records reflect that all postpetition amounts owing under each Executory Contract and Unexpired Lease have been paid and will continue to be paid and no other defaults exist under any of the Executory Contracts or Unexpired Leases and, therefore, amounts due and owing since the Petition Date are not included in the Cure Amount for any Executory Contract or Unexpired Lease.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Cure Amounts set forth on **Exhibit 1** or to the possible assumption and assignment of any Executory Contract or Unexpired Lease to a Successful Bidder listed on **Exhibit 1**, as applicable, must be filed with the Bankruptcy Court and served so as to be **actually received** on or before **February 25, 2020 at 4:00 p.m. (prevailing Central time)** (the "***Objection Deadline***"). For the avoidance of doubt, any previously established objection deadline concerning the assumption and assignment or cure amounts identified in the Debtor's *Notice of (I) Cure Amounts with Respect to Executory Contracts and Unexpired Leases to Potentially Be Assumed and Assigned and (II) Potential Assumption and Assignment of Executory Contracts and Unexpired Leases* [Dkt. No. 106], Debtor's *Supplemental Notice of (I) Cure Amounts with Respect to Executory Contracts and Unexpired Leases to Potentially Be Assumed and Assigned and (II) Potential Assumption and Assignment of Executory Contracts and Unexpired Leases* [Dkt. No. 131], Debtor's *Second Supplemental Notice of (I) Cure Amounts with Respect to Executory Contracts and Unexpired Leases to Potentially Be Assumed and Assigned and (II) Potential Assumption and Assignment of Executory Contracts and Unexpired Leases* [Dkt. No. 177], Debtor's *Third Supplemental Notice of (I) Cure Amounts with Respect to Executory Contracts and Unexpired Leases to Potentially Be Assumed and Assigned and (II) Potential Assumption and Assignment of Executory Contracts and Unexpired Leases* [Dkt. No. 195], or Debtor's *Fourth Supplemental Notice of (I) Cure Amounts with Respect to Executory Contracts and Unexpired Leases to Potentially Be Assumed and Assigned and (II) Potential Assumption and Assignment of Executory Contracts and Unexpired Leases* [Dkt. No. 204]*,* is not affected by this Notice. Service of any objections should be made to: (i) counsel to the Debtor; (ii) counsel to the Successful Bidder; (iii) counsel to MidCap, (a) Vedder Price P.C., 222 North LaSalle Street, Chicago, IL 60601, Attn: Michael M. Eidelman (meidelman@vedderprice.com) and David L. Kane (dkane@vedderprice.com) and (b) Porter Hedges, LLP, 1000 Main Street, 36th Floor, Houston, TX 77002, Attn: John F. Higgins (jhiggins@porterhedges.com); (iv) counsel to the Unsecured Creditors Committee, Arent Fox, LLP, 1301 Avenue of the Americas, Floor 42, New York, NY 10019, Attn: George P. Angelich (George.angelich@arentfox.com); and (v) the Office of the United States Trustee for the Southern District of Texas.

**PLEASE TAKE FURTHER NOTICE** that all objections to the Cure Amount or possible assumption and assignment of any Executory Contract or Unexpired Lease must (a) be in writing, (b) conform to the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules, (c) state with particularity the legal and factual basis for the objection and the specific grounds for such objection, and (d) if challenging the Cure Amount, set forth the prepetition cure amount being claimed with appropriate documentation in support of such amount.

**PLEASE TAKE FURTHER NOTICE** that any timely filed objections that cannot be resolved will be heard at a hearing to be held before the Honorable David R. Jones, United States Bankruptcy Judge for the Southern District of Texas, 515 Rusk Avenue, Courtroom 400, Houston, Texas 77002.

**PLEASE TAKE FURTHER NOTICE** that the failure to timely file an objection on or before the Objection Deadline shall (a) forever bar any objections to the Cure Amount or the assertion that any additional or other amounts are due and owing, (b) be deemed as consent to the assumption, assignment, and/or transfer of each Executory Contract and Unexpired Lease to the Successful Bidder, and (c) forever bar and estop any assertion or claim against the Debtor or the Successful Bidder that any additional amounts are due or defaults exist, or conditions to assumption, assignment, and/or transfer must be satisfied, or that any right or benefit under each Executory Contract or Unexpired Lease cannot or will not be available to the Successful Bidder.

**PLEASE TAKE FURTHER NOTICE** that the Debtor shall present evidence necessary to demonstrate adequate assurance of future performance by the Successful Bidder.

**PLEASE TAKE FURTHER NOTICE** that the presence of an Executory Contract or Unexpired Lease on **Exhibit 1** to this notice does not constitute an admission that such contract, lease, or other agreement is an executory contract or unexpired lease or that such contract, lease, or other agreement will be assumed by the Debtor and assigned to the Successful Bidder.

**PLEASE TAKE FURTHER NOTICE** that, if an Executory Contract or Unexpired Lease is finally determined to be assumed and assigned to the Successful Bidder, a separate notice of such assumption and assignment will be provided to you.

**PLEASE TAKE FURTHER NOTICE** that all documents filed with the Bankruptcy Court in connection with the above-captioned case are available for free on the website of the court-appointed claims and noticing agent in this case, Epiq Corporate Restructuring, LLC at https://dm.epiq11.com/case/WCH/info.

*[remainder of page intentionally blank]*

Dated: February 4, 2020
Houston, Texas

**WALLER LANSDEN DORTCH & DAVIS, LLP**

By: /s/ Blake D. Roth
Ryan K. Cochran (Federal ID No. 3438844)
Blake D. Roth (Federal ID No. 2666808)
Tyler N. Layne (Federal ID No. 2639086)
Courtney K. Stone (Texas Bar No. 24093208)
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
Ryan.Cochran@wallerlaw.com
Blake.Roth@wallerlaw.com
Tyler.Layne@wallerlaw.com
Courtney.Stone@wallerlaw.com

-and-

Andrea R. Cunha (Texas Bar No. 20497072)
Evan J. Atkinson (Texas Bar No. 24091844)
100 Congress Avenue, Suite 1800
Austin, TX 78701
Telephone: (512) 685-6400
Facsimile: (512) 685-6417
Andrea.Cunha@wallerlaw.com
Evan.Atkinson@wallerlaw.com

*Attorneys for the Debtor and Debtor in Possession*

# EXHIBIT 1
## CONTRACTS AND CURE AMOUNTS

| Number | Counterparty | Contract Description | Cure Amount[3] |
|---|---|---|---|
| 1 | AmeriHealth Caritas Texas, Inc. | Hospital Services Agreement dated January 12, 2018 between Walker County Hospital Corporation d/b/a Huntsville Memorial Hospital and AmeriHealth Caritas Texas, Inc. | $0 |
| 2 | AmeriHealth Caritas Texas, Inc. | Physician Provider Agreement dated January 12, 2018 between Walker County Hospital Corporation d/b/a Huntsville Memorial Hospital and AmeriHealth Caritas Texas, Inc. | $0 |
| 3 | Christus Health Plan | Ancillary Services Agreement dated May 1, 2018 between Walker County Hospital Corporation d/b/a Huntsville Memorial Hospital and Christus Health Plan | $0 |
| 4 | HealthSmart Preferred Care II, L.P. | Participating Provider Agreement dated January 1, 2012 between Walker County Hospital Corporation d/b/a Huntsville Memorial Hospital and HealthSmart Preferred Care II, L.P. | $0 |
| 7 | NX Health Network | Participating Facility Agreement dated January 1, 2017 between Walker County Hospital Corporation d/b/a Huntsville Memorial Hospital and NX Health Network | $148.41[4] |
| 5 | NX Health Network | Participating Provider Agreement dated January 1, 2017 between Walker County Hospital Corporation d/b/a Huntsville Memorial Hospital and NX Health Network | $0 |
| 6 | Rockport Community Network, Inc. d/b/a Rockport Healthcare Group d/b/a Rockport United Network d/b/a Rockport SelectHealth Network | Physician Agreement dated September 2, 2011 between Huntsville Memorial Hospital Medical Clinic and Rockport Community Network, Inc. d/b/a Rockport Healthcare Group d/b/a Rockport United Network d/b/a Rockport SelectHealth Network | $0 |
| 7 | Christus Health | USFHP Facility Services Agreement dated April 11, 2016 between Walker County Hospital Corporation d/b/a Huntsville Memorial Hospital and Christus Health | $49.47[5] |
| 8 | Christus Health | USFHP Ancillary Services Agreement dated May 1, 2018 between Walker County Hospital Corporation d/b/a Huntsville Memorial Hospital and Christus Health | $0 |
| 9 | SHA, L.L.C. d/b/a FirstCare and/or Southwest Life & Health Insurance Company | Participating Facility Agreement dated August 25, 2018 between Walker County Hospital Corporation d/b/a Huntsville Memorial Hospital and SHA, L.L.C. d/b/a FirstCare and/or Southwest Life & Health Insurance Company | $0 |
| 10 | SHA, L.L.C. d/b/a FirstCare and/or Southwest Life & Health Insurance Company | Group Participating Provider Agreement dated August 25, 2018 between Walker County Hospital Corporation d/b/a Huntsville Memorial Hospital and SHA, L.L.C. d/b/a FirstCare and/or Southwest Life & Health Insurance Company | $0 |

---

[3] If a party to this Notice files an objection prior to the Objection Deadline, as defined above, the Successful Bidder reserves the right to treat the applicable contract as a Disputed Contract pursuant to the provisions of the Purchase Agreement.

[4] This cure amount is a Disputed Cure Amount pursuant to the Purchase Agreement. The Successful Bidder proposes that, notwithstanding the Disputed Cure Amount, $0.00 be paid in connection therewith at the closing of the sale, but that the any cure amount with respect to this managed care contract (the **Managed Care Contract**") include all amounts potentially owed pursuant to certain overpayments that have been or may be identified by the Managed Care Contract Counterparty (defined below) for services rendered prior to the closing of the sale (the "**Unpaid Obligations**"). The Successful Bidder and the counterparty to this Managed Care Contract (the "**Managed Care Contract Counterparty**") agree that the Successful Bidder will pay the Unpaid Obligations in the ordinary course of business, and that the Managed Care Contract Counterparty may also set-off or recoup some or all of the Unpaid Obligations from payments of claims rendered pursuant to the Managed Care Contract before or after the closing of the sale to the extent allowed under the Managed Care Contract.

[5] *See* footnote 4.

| | | | |
|---|---|---|---|
| 11 | Logistics Health Incorporated | Base Subcontractor Agreement dated March 22, 2018 between Walker County Hospital Corporation d/b/a Huntsville Memorial Hospital and Logistics Health Incorporated | $0 |
| 12 | Logistics Health Incorporated | Addendum to Base Subcontractor Agreement dated March 22, 2018 between Walker County Hospital Corporation d/b/a Huntsville Memorial Hospital and Logistics Health Incorporated | $0 |
| 13 | Logistics Health, Inc. | Non-Disclosure Agreement dated December 27, 2017 between Walker County Hospital Corporation d/b/a Huntsville Memorial Hospital and Logistics Health, Inc. | $0 |
| 14 | Magellan Healthcare, Inc. | Network Provider Agreement dated October 20, 2012 between Walker County Hospital Corporation d/b/a Huntsville Memorial Hospital and Magellan Healthcare, Inc. | $0 |
| 15 | Prime Health Services, Inc. | Provider Participation Agreement dated June 16, 2017 between Walker County Hospital Corporation d/b/a Huntsville Memorial Hospital and Prime Health Services, Inc. | $0 |
| 16 | Prime Health Services, Inc. | Hospital Participation Agreement dated June 16, 2017 between Walker County Hospital Corporation d/b/a Huntsville Memorial Hospital and Prime Health Services, Inc. | $0 |
| 17 | Cook Medical, LLC | Lease Agreement dated as of June 22, 2018, between Cook Medical, LLC, as Lessor, and Walker County Hospital Corporation D/B/A Huntsville Memorial Hospital, as Lessee regarding Pulsed Holmium YAG Laser. | $8,033.35 |
| 18 | San Houston State University Athletics. | Sports Medicine Athletic Training Service Agreement dated July 1, 2018 between Walker County Hospital Corporation d/b/a Huntsville Memorial Hospital and San Houston State University Athletics. | $0 |
| 19 | MultiPlan, Inc. | Provider Service Agreement dated July 13, 2016, between Walker County Hospital Corporation D/B/A Huntsville Memorial Hospital and MultiPlan, Inc. | $0 |
| 20 | CHCA Conroe, L.P. d/b/a Conroe Regional Medical Center. | Patient Transfer Agreement, dated December 15, 2011, between Walker County Hospital District d/b/a Huntsville Memorial Hospital and CHCA Conroe, L.P. d/b/a Conroe Regional Medical Center. | $0 |
| 21 | St. Joseph's Regional Health Center. | Patient Transfer Agreement dated May 21, 2014, between Walker County Hospital Corporation D/B/A Huntsville Memorial Hospital and St. Joseph's Regional Health Center. | $0 |
| 22 | Memorial Hermann Hospital – Texas Medical Center. | Patient Transfer Agreement dated July 12, 2011, between Walker County Hospital Corporation D/B/A Huntsville Memorial Hospital and Memorial Hermann Hospital – Texas Medical Center. | $0 |
| 23 | KPH Consolidation, Inc. D/B/A Kingwood Medical Center. | Patient Transfer Agreement dated August 15, 2013, between Walker County Hospital Corporation D/B/A Huntsville Memorial Hospital and KPH Consolidation, Inc. D/B/A Kingwood Medical Center. | $0 |
| 24 | Scott and White Health Plan | Participating Group Provider Agreement dated March 1, 2012 between Walker County Hospital Corporation D/B/A Huntsville Memorial Hospital and Scott and White Health Plan | $49.47[6] |

---

[6] *See* footnote 4.

4825-4855-9026.5

| 25 | Superior HealthPlan, Inc. | Participating Provider Agreement dated September 1, 2014 between Walker County Hospital Corporation D/B/A Huntsville Memorial Hospital and Superior HealthPlan, Inc., as amended by: (i) Amendment Number One dated March 1, 2016. | $144.92[7] |
|---|---|---|---|
| 28 | Three Rivers Provider Network, Inc. | Three Rivers Provider Network Agreement dated March 26, 2009 between Walker County Hospital Corporation D/B/A Huntsville Memorial Hospital and Three Rivers Provider Network, Inc. | $0 |
| 29 | Texas Department of Criminal Justice | Interlocal Agreement dated March 6, 2012, between Walker County Hospital Corporation D/B/A Huntsville Memorial Hospital and the Texas Department of Criminal Justice, Walker County Hospital District; as amended by (i) Modification of Contract dated November 1, 2013. | $765.04[8] |
| 30 | Cigna HealthCare of Texas, Inc. | Hospital Services Agreement dated January 1, 2010 between Walker County Hospital Corporation and Cigna HealthCare of Texas, Inc. | $0.00 |
| 31 | Aetna Health Plans of Texas, Inc. d/b/a Aetna U.S. Healthcare | Managed Care Agreement dated November 15, 1997 between Walker County Hospital Corporation D/B/A Huntsville Memorial Hospital and Aetna Health Plans of Texas, Inc. d/b/a Aetna U.S. Healthcare, as amended by: (i) the Amendment dated September 1, 2005, (ii) Medicare Amendment dated January 1, 2013, (iii) Amendment dated January 1, 2014. | $0.00 |
| 32 | Humana Insurance Company, Humana Health Plan of Texas, Inc. | Hospital Participation Agreement dated December 5, 2011, between Walker County Hospital Corporation D/B/A Huntsville Memorial Hospital and Humana Insurance Company, Humana Health Plan of Texas, Inc. and their affiliates, as amended by: (i) Amendment to Agreement dated May 15, 2012. | $6,107.42[9] |

---

[7] *See* footnote 4.
[8] *See* footnote 4.
[9] *See* footnote 4.

Case 19-36300  Document 277  Filed in TXSB on 02/04/20  Page 8 of 8