UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| WALKER COUNTY HOSPITAL CORPORATION, d/b/a HUNTSVILLE MEMORIAL HOSPITAL, | Case No. 19-36300 |
| Debtor and Debtor in Possession.[1] | |

**DEBTOR'S MOTION FOR AN ORDER EXTENDING ITS
EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND
SOLICIT ACCEPTANCES THERETO PURSUANT TO 11 U.S.C. § 1121(d)**

The above-captioned debtor and debtor-in-possession (the "***Debtor***") hereby files this motion (the "***Motion***") pursuant to section 1121(d) of title 11 of the United States Code (the "***Bankruptcy Code***") and Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "***Proposed Order***") extending the Debtor's Exclusive Periods (as defined below) to file a chapter 11 plan and to solicit acceptances of such plan for a period of sixty (60) days up to and including May 9, 2020 and July 10, 2020, respectively. In support thereof, the Debtor respectfully represents:

**JURISDICTION AND VENUE**

1.   The United States Bankruptcy Court for the Southern District of Texas (the "***Court***") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012 (the "***Amended Standing Order***"). This is a core proceeding under 28 U.S.C. § 157(b)(2). The Debtor confirms its consent, pursuant to Bankruptcy Rule 7008 and

---

[1] The last four digits of the Debtor's federal tax identification number are: 0960. The location of the Debtor's service address is: P.O. Box 4001, Huntsville, TX 77342-4001, Attn: Steven Smith.

4834-7177-0038.2

Local Rule 7008-1 of the of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "*Local Rules*"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.  On November 11, 2019 (the "*Petition Date*"), the Debtor filed a voluntary petition for relief in this Court, pursuant to chapter 11 of the Bankruptcy Code, commencing this case (the "*Chapter 11 Case*").

3.  The Debtor continues to operate its business as a debtor in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.  No request for the appointment of a trustee or examiner has been made in this Chapter 11 Case.

5.  An official committee of unsecured creditors (the "*Committee*") has been appointed in this case.

6.  A description of the Debtor's business, the reasons for commencing this Chapter 11 Case, the relief sought from this Court, and the facts and circumstances supporting this motion are set forth in the *Declaration of Steven L. Smith in Support of First Day Motions*.

## REQUESTED RELIEF

7.  Pursuant to this Motion and section 1121(d)(1) of the Bankruptcy Code, the Debtor seeks entry of an order extending the periods under section 1121(b) and (c) of the Bankruptcy Code in which the Debtor has the exclusive right to file a chapter 11 plan for one-hundred twenty (120) days and to solicit acceptances of such plan for one-hundred eighty (180)

days, up to and including May 9, 2020 and July 10, 2020, respectively, without prejudice to its right to seek additional and further extensions of these periods as may be appropriate under the circumstances then prevailing. The requested extension is reasonable and necessary given the tasks to be completed and issues to be resolved before a confirmable chapter 11 plan can be negotiated and proposed.

## BASIS FOR RELIEF

### I. LEGAL GROUNDS

8. Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a chapter 11 case during which a debtor has the exclusive right to file a chapter 11 plan. Section 1121(c)(3) of the Bankruptcy Code provides that if the debtor proposes a chapter 11 plan within the exclusive filing period, it has a period of 180 days after the commencement of the chapter 11 case to obtain acceptances of such chapter 11 plan. Absent an extension, the Debtor's initial exclusive filing period and exclusive solicitation period will expire on March 10, 2020 and May 9, 2020, respectively (the "***Exclusive Periods***"). Pursuant to Section 1121(d)(1) of the Bankruptcy Code, the Court may, upon a demonstration of cause, extend the Debtor's Exclusive Periods. As described below, cause exists for extending the Debtor's Exclusive Periods.

9. The paramount objectives of a chapter 11 case are the rehabilitation of a debtor's business and the negotiation, development, proposal, confirmation and consummation of a chapter 11 plan. The periods for exclusively filing a chapter 11 plan and exclusively soliciting votes on such plan under section 1121 of the Bankruptcy Code are intended to afford a debtor a full and fair opportunity to achieve these objectives without the disruption of its business that might be caused by the filing of competing chapter 11 plans.

10. Section 1121(d)(1) of the Bankruptcy Code provides in pertinent part:

> Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

11 U.S.C. § 1121(d)(1).

11. Congress intended that the period during which only the debtor may file a chapter 11 plan be of adequate length for the debtor to formulate, negotiate and draft a consensual chapter 11 plan and solicit acceptances thereof. As reflected in the legislative history of section 1121 of the Bankruptcy Code, section 1121(d) strikes a balance between allowing a debtor "to remain in control to some degree," yet at the same time not "unduly delaying creditors." H.R. Rep. No. 95-595, at 231-32 (1977); *see In re Newark Airport/Hotel Ltd. P'Ship,* 156 B.R. 444, 451 (Bankr. D.N.J. 1993), *aff'd,* 155 B.R. 93 (D.N.J. 1993); *In re Pub. Serv. Co. of N.H.,* 88 B.R. 521, 534 (Bankr. D.N.H. 1988) (explaining that "the legislative intent . . . [is] to promote maximum flexibility to suit various types of reorganization proceedings").

12. In circumstances in which the initial period to exclusively file a chapter 11 plan proves inadequate for the debtor to negotiate and file a chapter 11 plan, the bankruptcy court has the discretion to extend the periods under section 1121 of the Bankruptcy Code for substantial periods of time. The moving party bears the burden of proving that cause exists. *In re Service Merchandise Co., Inc.*, 256 B.R. 744, 751 (Bankr. M.D. Tenn. 2000).

13. In determining whether "cause" exists to extend a debtor's exclusive periods, courts generally consider the following factors:

    (i) the size and complexity of the case;

    (ii) the necessity of sufficient time to negotiate a plan and prepare adequate information;

    (iii) the existence of good faith progress toward reorganization;

    (iv)    whether the debtor is paying its debts as they become due;

    (v)    whether the debtor has demonstrated reasonable prospects for filing a viable chapter 11 plan;

    (vi)    whether the debtor has made progress in negotiating with creditors;

    (vii)    the length of time a case has been pending;

    (viii)    whether the debtor is seeking an extension to pressure creditors; and

    (ix)    whether or not unresolved contingencies exist.

*In re Express One Int'l, Inc.,* 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); *In re Service Merchandise Co., Inc.*, 256 B.R. at 751; *In re Cent. Jersey Airport Servs.,* 282 B.R. 176, 184 (Bankr. D. N. J. 2002) (and cases cited therein); *see In re McLean Indus., Inc.,* 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987).

14.    The facts and circumstances of this Chapter 11 Case and the express terms of section 1121(d) fully support the extension of the Debtor's Exclusive Periods as requested herein. *See Express One Int'l, Inc.,* 194 B.R. at 100 (large size of debtor and concomitant difficulty in formulating a chapter 11 plan are traditional grounds for extension); *In re Pine Run Trust, Inc.,* 67 B.R. 432, 435 (Bankr. E.D. Pa. 1986) ("[t]he traditional ground for cause [is] the large size of the debtor and the concomitant difficulty in formulating a plan of reorganization . . . .").

    **II.**    **FACTUAL GROUNDS**

15.    The Debtor believes that sufficient cause exists to support the requested extension of the Exclusive Periods.

    (i)    The Size and Complexity of the Case and Length of Time Case Has Been Pending

16.    Both Congress and the courts have recognized the size and complexity of a debtor's case alone may constitute cause for the extension of a debtor's exclusive period to file a

4834-7177-0038.2

chapter 11 plan and the period to solicit acceptances of such a plan. "[I]f an unusually large company were to seek reorganization under chapter 11, the court would probably need to extend the time in order to allow the debtor to reach an agreement." H.R. Rep. No. 95-595, at 232 (1977).

17. Although not as large as some cases, the Debtor's case is definitely complex and involves a challenging business environment in a heavily regulated sector. Prior to the close of the transaction selling substantially all of the Debtor's assets on February 27, 2020 (the "***Sale***"), the Debtor was the operator of a rural hospital in Huntsville, Texas. Since filing this Chapter 11 Case, the Debtor has focused its efforts on the operations of the business, handling multi-faceted legal and business issues that require substantial time and diligence to resolve including, but not limited to, evaluating its operations and addressing third party payor issues, and on marketing and ultimately consummating the Sale. Restructuring advisors have been substantially engaged to assist in the sale of the Debtor's business in this Chapter 11 Case. The varied nature of the interests in this Chapter 11 Case and the size and complexity of the business compel the requested extension of the Exclusive Periods.

18. The Debtor is working expeditiously to prepare and file a chapter 11 plan as soon as possible, however, considering the complexities of the Chapter 11 Case, the Debtor may be unable to meet the existing deadline. Accordingly, out of an abundance of caution, the Debtor is seeking an extension of the Exclusive Periods. The extension of the Exclusive Periods requested herein will enable the Debtor to formulate a chapter 11 plan and present that plan to parties in interest. The requested extension of the Exclusive Periods will permit the plan process to move forward in an orderly fashion and with better information for all stakeholders.

4834-7177-0038.2

    (ii)  Sufficient Time to Negotiate and Prepare Adequate Information and the Existence of Unresolved Contingencies

19. Termination of exclusivity could be very disruptive to the Debtor's efforts to develop a chapter 11 plan. If exclusivity terminates and competing chapter 11 plans are filed, resources and energy will necessarily be diverted from formulating a chapter 11 plan to prosecuting and defending competing plans. Such efforts would only serve to deplete the Debtor's estate to its creditors' detriment.

    (iii)  The Existence of Good Faith Progress in Negotiating with Creditors

20. This is the Debtor's first request for extension of the Exclusive Periods. The Debtor has made significant progress in the Chapter 11 Case. The Debtor has focused its efforts on obtaining debtor in possession financing, stabilizing its business operations, consummating the Sale, and developing a plan. While the Debtor has consummated the Sale and continues to work with the Committee and other parties in interest to formulate a consensual plan, the Debtor does not anticipate that a plan will be complete prior to the expiration of the Exclusive Period.

    (iv)  The Debtor Has Paid Postpetition Debts As They Become Due

21. A debtor's payment of postpetition obligations as they come due supports a finding that the debtor is not abusing its exclusivity period. *See In re McLean Indus., Inc.,* 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987). Significantly, the Debtor's chapter 11 efforts have not come at the expense of its administrative creditors. The Debtor is in the process of reconciling administrative claims that have been filed and will endeavor to pay all allowed administrative claims as expeditiously as possible but, in any event, such allowed administrative claims will at the latest be paid as part of any plan process. As a result, the extensions requested in this Motion should not result in accruing significant administrative liabilities other than to chapter 11 professionals.

    (v)  Extension Not Intended to Pressure Creditors

22. The requested extensions are not intended to pressure creditors. Affording the Debtor a full opportunity to undertake an extensive review and analysis of its estate's assets and claims so that it may develop a plan that satisfies the requirements of the Bankruptcy Code will only help the creditors and other parties in interest. *Official Comm. of Unsecured Creditors v. Henry Mayo Newhall Mem. Hosp. (In re Henry Mayo Newhall Mem. Hosp.),* 282 B.R. 444, 453 (B.A.P. 9th. Cir. 2002) ("The key question to us, then, is whether the first extension of exclusivity functioned to facilitate movement towards a fair and equitable resolution of the case, taking into account all the divergent interests involved"); *In re Gibson & Cushman Dredging Corp.,* 101 B.R. 405, 410–11 (E.D.N.Y. 1989) (noting that when the debtor intends to preserve assets and is not in danger of dissipation of assets, and the debtor is attempting to negotiate for a viable chapter 11 plan, an extension of exclusivity would best serve to "create a balance between the debtor and creditors"). Terminating the Exclusive Periods before this process is complete and the process of negotiation has been developed fully would defeat the purpose of section 1121 of the Bankruptcy Code—to afford the Debtor a meaningful and reasonable opportunity to negotiate with creditors and propose and confirm a consensual plan.

23. Moreover, expiration of the Exclusive Periods would likely lead to adversarial situations that would cause deterioration in the value of the Debtor's estate and its ability to negotiate a consensual plan.

24. Accordingly, the Debtor should be granted a full and fair opportunity to negotiate, propose and seek acceptance of a plan. The Debtor believes that the requested extension of the Exclusive Periods is warranted and appropriate under the circumstances, particularly since the Motion is the Debtor's first request for an extension. Further, the Debtor submits that the requested extension is reasonable and necessary, will not prejudice the legitimate interest of

4834-7177-0038.2

creditors and other parties in interest, and will afford the Debtor a meaningful opportunity to pursue a feasible and consensual plan, all as contemplated by chapter 11 of the Bankruptcy Code.

## NOTICE

25. The Debtor has provided notice of this Motion either by electronic mail, facsimile, or United States First Class mail to: (i) the Office of the United States Trustee for the Southern District of Texas; (ii) the Committee; (iii) all parties entitled to notice pursuant to Bankruptcy Rule 2002 and Local Rule 9013-1(d); and (iv) all governmental agencies having a regulatory or statutory interest in this Chapter 11 Case. Due to the nature of the relief requested herein, the Debtor submits that no other or further notice is required. A copy of the Motion is also available on the website of the Debtor's noticing and claims agent at https://dm.epiq11.com/case/WalkerCountyHospital.

## NO PRIOR REQUEST

26. No prior request for the relief sought in this Motion has been made to this or any other court.

4834-7177-0038.2

**WHEREFORE**, the Debtor respectfully requests that the Court grant the relief requested herein and such other and further relief as the Court may deem just and proper.

DATED:   March 9, 2020
            Nashville, Tennessee

                                            Respectfully submitted,
                                            **WALLER LANSDEN DORTCH & DAVIS, LLP**

                                            */s/ Blake D. Roth*
                                            Ryan K. Cochran (Federal ID No. 3438844)
                                            Blake D. Roth (Federal ID No. 2666808)
                                            Tyler N. Layne (Federal ID No. 2639086)
                                            Courtney K. Stone (Texas Bar No. 24093208)
                                            511 Union Street, Suite 2700
                                            Nashville, TN 37219
                                            Telephone: (615) 244-6380
                                            Facsimile: (615) 244-6804
                                            Email:  Ryan.Cochran@wallerlaw.com
                                                       Blake.Roth@wallerlaw.com
                                                       Tyler.Layne@wallerlaw.com
                                                       Courtney.Stone@wallerlaw.com
                                            -and-

                                            Andrea R. Cunha (Texas Bar No. 20497072)
                                            Evan J. Atkinson (Texas Bar No. 24091844)
                                            100 Congress Avenue, Suite 1800
                                            Austin, TX 78701
                                            Telephone: (512) 685-6400
                                            Facsimile: (512) 685-6417
                                            Email:  Andrea.Cunha@wallerlaw.com
                                                       Evan.Atkinson@wallerlaw.com

                                            *Counsel for the Debtor and Debtor in Possession*


### Certificate of Service

I certify that on March 9, 2020, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                            */s/ Blake Roth*

4834-7177-0038.2

## Exhibit A

**Proposed Order**

4834-7177-0038.2

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| WALKER COUNTY HOSPITAL CORPORATION, d/b/a HUNTSVILLE MEMORIAL HOSPITAL, | Case No. 19-36300 |
| Debtor and Debtor in Possession.[1] | |

**ORDER GRANTING DEBTOR'S MOTION FOR AN ORDER EXTENDING ITS EXCLUSIVE PERIODS TO FILE CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THERETO PURSUANT TO 11 U.S.C. § 1121(d)**

Upon consideration of the motion (the "***Motion***")[2] for entry of an order (this "***Order***") filed by the above-captioned Debtor; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and the Court having found that consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue of this proceeding in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Motion as set forth therein is sufficient under the circumstances; and the Court having reviewed the Motion and having considered the record at the hearing held before this Court (the "***Hearing***"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS THEREFORE ORDERED:

1. The Motion is granted as set forth herein.

---

[1] The last four digits of the Debtor's federal tax identification number are: 0960. The location of the Debtor's service address is: P.O. Box 4001, Huntsville, TX 77342-4001, Attn: Steven Smith.

[2] Capitalized terms not defined herein shall have the meanings given to them in the Motion.

4834-7177-0038.2

2. The Exclusive Period for filing a plan of reorganization shall be extended up to and including May 9, 2020.

3. The Exclusive Period for soliciting such plan of reorganization shall be extended up to and including July 10, 2020.

4. The entry of this Order shall not prejudice the rights of the Debtor to request further extensions of the Exclusive Periods or to seek other appropriate relief.

5. The Court hereby retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2020
      Houston, Texas

_____
HONORABLE DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE