United States Bankruptcy Court
Southern District of Texas
**ENTERED**
March 22, 2022
Nathan Ochsner, Clerk

## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| WALKER COUNTY HOSPITAL CORPORATION, d/b/a HUNTSVILLE MEMORIAL HOSPITAL, | Case No. 19-36300 |
| Debtor and Debtor in Possession.[1] | ~~Re: Docket No. 521~~ |
| | (Docket No. 709) |

### ORDER APPROVING THE EMPLOYMENT AND RETENTION OF BHARAT CAPITAL, LLC AS CONSULTANT

Upon consideration the application (the "*Application*")[2] filed by the above-captioned Debtor; and the Court having found that it has jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and upon consideration of the Nayar Declaration in support thereof; and the Court having found that consideration of the Application and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue of this proceeding in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Application as set forth therein is sufficient under the circumstances; and the Court having reviewed the Application and having considered statements in support of the Application at the hearing held before this Court (the "*Hearing*"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

---

[1] The last four digits of the Debtor's federal tax identification number are: 0960. The location of the Debtor's service address is: Walker County Hospital Corporation d/b/a Huntsville Memorial Hospital, c/o Healthcare Management Partners, LLC, 1033 Demonbreun Street, Suite 300, Nashville, TN 37203.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Application.

035027-93581/4881-7724-0074.1

**IT IS THEREFORE ORDERED**:

1. The Debtor is hereby authorized, pursuant to sections 327(a) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1(b), to employ and retain Bharat to assist the Debtor in identifying and valuing potential claims against specific third parties on the terms set forth in the Application and the Engagement Letter, effective immediately, as modified herein.

2. The terms of the Engagement Letter, attached to the Nayar Declaration as **Exhibit 1**, are approved in all respects except as limited or modified herein.

3. The terms and obligations set forth in the Interim Compensation Procedures Order are hereby waived with respect to Bharat. Instead, Bharat shall apply for the allowance of compensation for services rendered by filing the following: (a) upon the occurrence of any settlements with defendants but prior to Bharat's final resolution of all Claims, short-form statements that include the amount of fees paid based on the Contingency Fee Schedule; and (b) upon the conclusion of its services, a final fee application for final allowance of compensation for professional services rendered under the Engagement Letter in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court. Bharat shall be excused from time-keeping reporting requirements, with respect to its activities under the Engagement Letter, in applying for allowance of compensation for professional services as authorized herein.

4. Notwithstanding anything to the contrary herein, the U.S. Trustee shall have the right to object to upon the occurrence of any settlements with Defendants but prior to Bharat's final resolution of the Claims' final fee applications (including expense reimbursement) on all grounds, including the reasonableness standard provided in section 330 of the Bankruptcy Code.

Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of Bharat's fees.

5. Bharat shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtor's other retained professionals in this Chapter 11 Case.

6. The relief granted herein shall be binding upon any chapter 11 trustee appointed in the Chapter 11 Case, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of the Chapter 11 Case to a case under chapter 7.

7. The Debtor and Bharat are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

8. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules are satisfied by the contents of the Application.

9. To the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Signed: March 21, 2022.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**